[L. A. No. 26913.   In Bank.   Oct. 25, 1962.]

TEITELBAUM FURS, INC. et al., Plaintiffs and Appellants,
v. THE DOMINION INSURANCE COMPANY, LTD.,
et al., Defendants and Appellants.

Leland, Plattner & Kalik and Horace L. Kalik for Plaintiffs and Appellants.

Thomas P. Menzies and James O. White, Jr., for Defendants and Appellants.

TRAYNOR, J.—Alleging losses by robbery, plaintiff corporations brought this action to recover $244,510.90 under contracts of insurance with defendant insurers. The jury returned a verdict for plaintiffs, and the trial court granted defendants' motion for new trial on the ground that the evidence was insufficient to support the verdict. The trial court denied defendants' motion for judgment notwithstanding the verdict. Plaintiffs appeal from the order granting a new trial. Defendants appeal from the judgment.

We agree with defendants' contention that their plea of collateral estoppel defeats plaintiffs' action. In a criminal action that became final before the present action was commenced, Albert Teitelbaum, president of plaintiff corporations, was convicted of conspiracy to commit grand theft, attempted grand theft, and the filing of a false and fraudulent insurance claim. The conviction was affirmed on appeal. (*People* v. *Teitelbaum,* 163 Cal.App.2d 184 [329 P.2d 157], petition for hearing denied Oct. 22, 1958, cert. den., 359 U.S. 206 [79 S.Ct.

738, 3 L.Ed.2d 759].) Plaintiff corporations concede that the claim in this case is for the same loss involved in the criminal conviction and that they are mere *alter egos* of Teitelbaum. The issue adjudicated adversely to plaintiffs in the criminal action is identical with the issue in this action: whether the alleged robbery occurred as plaintiffs contend or whether it was staged by Teitelbaum as defendants contend. By its verdict, the previous jury necessarily found against plaintiffs on this issue.

The doctrine of res judicata has a double aspect: (1) it "precludes parties or their privies from relitigating a cause of action that has been finally determined by a court of competent jurisdiction." (2) "Any issue necessarily decided in such litigation is conclusively determined as to the parties or their privies if it is involved in a subsequent lawsuit on a different cause of action." (*Bernhard* v. *Bank of America*, 19 Cal.2d 807, 810 [122 P.2d 892]; see *Taylor* v. *Hawkinson*, 47 Cal.2d 893, 895-896 [306 P.2d 797].) In the present case, since plaintiffs' cause of action is different from that of the state in the criminal proceeding, we are concerned with the latter aspect, often termed collateral estoppel.

In the *Bernhard* case, *supra,* this court rejected the doctrine of mutuality of estoppel that had been applied to limit the scope of collateral estoppel, and held three questions to be pertinent in determining the validity of the plea. "Was the issue decided in the prior adjudication identical with the one presented in the action in question? Was there a final judgment on the merits? Was the party against whom the plea is asserted a party or in privity with a party to the prior adjudication?" (19 Cal.2d at p. 813.) The record in the present case provides affirmative answers to each of these questions.

Notwithstanding the apparent applicability of collateral estoppel, it is contended that the cases in this state do not indicate that a criminal conviction is conclusive in a subsequent civil action. Additionally, plaintiffs urge that the plea be rejected on the ground that since plaintiffs did not have the initiative in the criminal action and since Teitelbaum chose not to testify and was unable to utilize an important witness in the criminal proceeding, they did not have a full and complete day in court on the issue now sought to be foreclosed against them.

The cases do not preclude the application of collateral

estoppel in a civil case to issues determined in a previous criminal prosecution. Those relied upon for the contrary proposition are either based upon the doctrine of mutuality of estoppel (*Risdon* v. *Yates,* 145 Cal. 210 [78 P. 641]; *Burbank* v. *McIntyre,* 135 Cal.App. 482 [27 P.2d 400]; *Balestreiri* v. *Arques,* 49 Cal.App.2d 664 [122 P.2d 277]; *American Fire etc. Service* v. *Williams,* 171 Cal.App.2d 397 [340 P.2d 644]) or involve a prior acquittal (*In re Anderson,* 107 Cal.App.2d 670 [237 P.2d 720]; *People* v. *One 1950 Pontiac 2-Door Coupe,* 193 Cal.App.2d 216 [13 Cal.Rptr. 916]) or involve the admissibility as an admission in a civil suit of a plea of guilty in a previous criminal action (*Vaughn* v. *Jonas,* 31 Cal.2d 586 [191 P.2d 432]).

Since the requirement of mutuality of estoppel was expressly abandoned in the *Bernhard* case, *Risdon* v. *Yates, supra,* and the cases following it are no longer authoritative.

*In re Anderson, supra,* rejected the plea as applied to a former acquittal on the ground that " 'the difference in degree in the burden of proof in criminal and civil cases precludes application of the doctrine of res judicata. The acquittal was merely . . . an adjudication that the proof was not sufficient to overcome all reasonable doubt of the guilt of the accused.' " (107 Cal.App.2d 670, 672; see *Helvering* v. *Mitchell,* 303 U.S. 391, 397 [58 S.Ct. 630, 82 L.Ed. 917]; Annot. 18 A.L.R.2d 1287, 1315.)

■ A plea of guilty is admissible in a subsequent civil action on the independent ground that it is an admission. It would not serve the policy underlying collateral estoppel, however, to make such a plea conclusive. ■ "The rule is based upon the sound public policy of limiting litigation by preventing a party who has had one fair trial on an issue from again drawing it into controversy." (*Bernhard* v. *Bank of America,* 19 Cal.2d 807, 811 [122 P.2d 892].) "This policy must be considered together with the policy that a party shall not be deprived of a fair adversary proceeding in which fully to present his case." (*Jorgensen* v. *Jorgensen,* 32 Cal.2d 13, 18 [193 P.2d 728].) When a plea of guilty has been entered in the prior action, no issues have been "drawn into controversy" by a "full presentation" of the case. It may reflect only a compromise or a belief that paying a fine is more advantageous than litigation. ■ Considerations of fairness to civil litigants and regard for the expeditious administration of criminal justice (see *Vaughn* v. *Jonas,* 31 Cal.2d 586, 594 [191

P.2d 432]) combine to prohibit the application of collateral estoppel against a party who, having pleaded guilty to a criminal charge, seeks for the first time to litigate his cause in a civil action.

Collateral estoppel applies to successive criminal trials (*People* v. *Beltran,* 94 Cal.App.2d 197, 203 [210 P.2d 238] ; *People* v. *Majado,* 22 Cal.App.2d 323, 326 [70 P.2d 1015] ; see *People* v. *Joseph,* 153 Cal.App.2d 548, 551 [314 P.2d 1004] ; *Sealfon* v. *United States,* 332 U.S. 575, 578 [68 S. Ct. 237, 92 L.Ed. 180] ; Annot. 147 A.L.R. 991, 992) and, although not widely adopted, has been applied in the better reasoned cases that have dealt with the problem here presented. (*Eagle etc. Ins. Co.* v. *Heller,* 149 Va. 82 [140 S.E. 314, 57 A.L.R. 490] ; *Mineo* v. *Eureka etc. Ins. Co.,* 182 Pa. Super. 75 [125 A.2d 612] ; *Austin* v. *United States,* 125 F.2d 816; see 25 So.Cal.L.Rev. 480; 40 Cal. L.Rev. 225; 50 Yale L.J. 499.) Thus it is significant that this court found support in *Eagle etc. Ins. Co.* v. *Heller, supra,* in reaching its decision to abandon the requirement of mutuality of estoppel in the *Bernhard* case. ██ To preclude a civil litigant from relitigating an issue previously found against him in a criminal prosecution is less severe than to preclude him from relitigating such an issue in successive civil trials, for there are rigorous safeguards against unjust conviction, including the requirements of proof beyond a reasonable doubt (Code Civ. Proc., § 2061) and of a unanimous verdict (Pen. Code, § 1164), the right to counsel (*In re James,* 38 Cal.2d 302 [240 P.2d 596]), and a record paid for by the state on appeal (Cal. Rules of Court, rule 33*). Stability of judgments and expeditious trials are served and no injustice done, when criminal defendants are estopped from relitigating issues determined in conformity with these safeguards.

██ Plaintiffs contend, however, that in the absence of mutuality, collateral estoppel ought not be applied against a party who did not have the initiative in the previous action. (See *Nevarov* v. *Caldwell,* 161 Cal.App.2d 762 [327 P.2d 111] ; Currie, *Mutuality of Collateral Estoppel: Limits of the Bernhard Doctrine,* 9 Stan.L.Rev. 281, 313.) Although plaintiffs' president did not have the initiative in his criminal trial, he was afforded a full opportunity to litigate the issue of his guilt with all the safeguards afforded the criminal defendant, and since he was charged with felonies punishable in the state

---

*Formerly Rules on Appeal, rule 33.

prison (Pen. Code, § 17), he had every motive to make as vigorous and effective a defense as possible. Under these circumstances, we hold that any issue necessarily decided in a prior criminal proceeding is conclusively determined as to the parties if it is involved in a subsequent civil action.

It should be noted, however, that a criminal judgment that is subject to collateral attack on the ground, for example, that it was obtained through the knowing use of perjured testimony (*Mooney* v. *Holohan*, 294 U.S. 103 [55 S.Ct. 340, 79 L. Ed. 791, 98 A.L.R. 406]; *Alcorta* v. *Texas*, 355 U.S. 28 [78 S.Ct. 103, 2 L. Ed.2d 9]) or suppression of evidence (*People* v. *Carter*, 48 Cal.2d 737, 747 [312 P.2d 665]), or that has in effect been set aside by a pardon based on the defendant's innocence (see Pen. Code, § 4900), is not res judicata in a subsequent action. (See Rest., Judgments, § 11.) Plaintiffs have advanced no grounds that would sustain a collateral attack on the judgment, but they contend that there are special reasons why collateral estoppel should not apply in this case. They point out that Teitelbaum chose not to take the stand in the criminal prosecution except for the limited purpose of denying an alleged admission, and contend that he was unable to secure the testimony of an alleged co-conspirator.

Teitelbaum's election not to testify in his own behalf in the criminal case was presumably made on the assumption that he would benefit thereby. His error, if any, in trial strategy would no more defeat the plea of collateral estoppel than the failure of a litigant to introduce relevant available evidence in any other situation.

Teitelbaum urged his inability to compel the testimony of the alleged co-conspirator on his appeal from the judgment in the criminal case, and it was determined that it did not warrant a reversal. *A fortiori*, it will not sustain a collateral attack upon the criminal judgment.

The order denying defendants' motion for judgment notwithstanding the verdict and the order granting a new trial are reversed and the trial court is directed to enter judgment for defendants. Defendants shall recover their costs on these appeals.

Gibson, C. J., McComb, J., Peters, J., White, J., and Tobriner, J., concurred.

Schauer, J., concurred in the judgment.