**Hubert Vernon HARDIN, Appellant,**

v.

**The AETNA CASUALTY AND SURETY COMPANY, Appellee.**

**No. 24405.**

United States Court of Appeals
Fifth Circuit.

Nov. 2, 1967.

Hubert Vernon Hardin, pro se.

James E. Thompson, Fowler, White, Collins, Gillen, Humkey & Trenam, Tampa, Fla., for appellee.

Before WISDOM, BELL and AINSWORTH, Circuit Judges.

PER CURIAM:

Hubert Vernon Hardin, appellant in these two consolidated civil suits filed by the Aetna Casualty and Surety Company, was heretofore tried before a jury in the United States District Court, Middle District of Florida, and convicted of transporting to Mexico currency stolen from Rasdale Armored Car Service, Tampa, Florida, in violation of 18 U.S.C. § 2314, and of stealing some of the said money in violation of 18 U.S.C. § 2113(b) and (f).

On December 27, 1960, the vault at the Rasdale Armored Car Service was robbed of more than $400,000 in cash. Early in January 1961, appellant deposited $50,-000 cash in the Banco Nacional in Mexico City, and on January 8, 1961, he was arrested by the Mexican authorities who found $15,000 cash in his apartment and on his person.

This appeal relates to the civil actions filed by Aetna, as subrogee of Rasdale, on a policy of theft or burglary insurance, against Hardin for judgment in the net sum of $364,105.45; also, for an injunction to prevent Hardin from withdrawing the $50,000 of stolen money from the Mexican bank, and to determine the interest of Aetna in the $15,000 cash found in Hardin's possession when he was arrested and claimed to be proceeds of said theft.

The court appointed as counsel for Hardin to defend these civil actions the same attorney who was originally retained by Hardin to represent him in the criminal proceedings. Said attorney represented Hardin in the criminal proceedings in the district court and before this court when the conviction was affirmed, Hardin v. United States, 324 F.2d 553 (1963); also 340 F.2d 711 (1965). We are convinced that the representation of counsel in these civil cases was vigorous, able and effective. Counsel, among other things, prevented a default judgment being obtained against Hardin and successfully opposed a motion by Aetna for summary judgment.

We have carefully reviewed each of the several points which appellant has raised in his pro se brief and find them completely without merit. We are also convinced that when one is convicted of a felony and subsequently attempts to benefit from the commission of his crime, that is, to keep the proceeds thereof, the record of his guilt makes it unnecessary to relitigate that issue. See Local 167 of International Brotherhood of Teamsters, etc. v. United States, 291 U.S. 293, 54 S.Ct. 396, 78 L.Ed. 804 (1934); United States v. Gramling, 180 F.2d 498 (5 Cir., 1950); Eagle, Star and British Dominions Ins. Co. v. Heller, 149 Va. 82, 140 S.E. 314, 57 A.L.R. 490 (1927); Teitelbaum Furs, Inc. v. Dominion Insurance Company, 58 Cal.2d 601, 25 Cal.Rptr. 559, 375 P.2d 439 (1962).

Affirmed.