Christine MERRITT, Temporary Administratrix of the Estate of Christy Shannon Merritt, Deceased, Plaintiff,

v.

The QUAKER OATS COMPANY, Defendant.

Civ. A. No. J81–0064(R).

United States District Court,
S. D. Mississippi,
Jackson Division.

Sept. 8, 1981.

E. V. E. Joy, James W. Nobles, Jr., Jackson, Miss., for plaintiff.

Christopher A. Shapley, George P. Hewes, III, Brunini, Grantham, Grower & Hewes, Jackson, Miss., Alexander C. Cordes, Paul Stecker, Phillips, Lytle, Hitchcock, Blaine & Huber, Buffalo, N. Y., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

DAN M. RUSSELL, Jr., Chief Judge.

### FINDINGS OF FACT

I.

This action was commenced by the filing of a Complaint on February 5, 1981. The Plaintiff, Christine Merritt, is the Temporary Administratrix of the Estate of Christy Shannon Merritt, Deceased. The Plaintiff is an adult resident citizen of Marion County, Mississippi.

II.

The Defendant, The Quaker Oats Company, is a corporation organized and existing under the laws of the State of New Jersey, with its principal place of business in the State of Illinois.

III.

Christy Shannon Merritt died on February 8, 1975. She was survived by her mother, Toddie Lynn Merritt, her father, Larry Alan Merritt, and a sister, Sheila Merritt.

IV.

On December 1, 1975, the Circuit Court of Marion County, Mississippi indicted Larry Alan Merritt for the murder of his daughter, Christy Shannon Merritt. The indictment charged that Larry Alan Merritt did

willfully, unlawfully, feloniously and with malice aforethought kill and murder Christy Shannon Merritt.

## V.

On December 12, 1975, Cause No. 3219, in the Circuit Court of Marion County, Mississippi, styled *State of Mississippi vs. Larry Alan Merritt,* commenced. In this action Larry Alan Merritt was tried for the murder of his daughter, Christy Shannon Merritt. The state's theory of the case was that Larry Alan Merritt murdered his daughter, Christy Shannon Merritt, by forcibly holding a pillow over her face and mouth until she suffocated. Larry Alan Merritt denied that he murdered his daughter, and contended that his daughter was strangled to death by a pull cord which was formerly attached to, but which had become disconnected from, a toy frog. The jury was instructed that before it could convict Larry Alan Merritt, it must believe from the evidence beyond a reasonable doubt and to a moral certainty that:

(1) Christy Shannon Merritt came to her death by asphyxia;

(2) Larry Alan Merritt asphyxiated Christy Shannon Merritt;

(3) Larry Alan Merritt asphyxiated Christy Shannon Merritt for the purpose and with the intent to kill and murder Christy Shannon Merritt.

## VI.

Therefore, the issue as to the cause of the death of Christy Shannon Merritt, and who was responsible therefor, was sharply drawn for the jury. On December 12, 1975, the jury returned a verdict of "guilty" against Larry Alan Merritt. An Order of Conviction of Larry Alan Merritt was entered on December 13, 1975. Subsequently, Larry Alan Merritt was sentenced to serve life imprisonment in the Mississippi State Penitentiary. He appealed his murder conviction, but his murder conviction was affirmed on appeal by the Mississippi Supreme Court in *Merritt v. State,* 339 So.2d 1366 (1976). A Petition for Rehearing was

filed, but was denied. Subsequently, an application was filed with the Mississippi Supreme Court for leave to file a Petition for Writ of Error Coram Nobis. This application was likewise denied on November 9, 1977.

## VII.

In the case at bar, the Plaintiff alleges that Christy Shannon Merritt's death was caused by a defective toy frog which was negligently manufactured by the Fisher-Price Toys Division of The Quaker Oats Company. It is alleged that a cord formerly attached to this toy frog became wrapped around her neck, strangling her until she died. This cause is now before this Court on the Defendant's Motion for Summary Judgment, the principal contention being that this action attempts to relitigate the issue of the cause of the death of Christy Shannon Merritt, and is therefore barred by the doctrine of collateral estoppel.

## CONCLUSIONS OF LAW

### I.

This Court has jurisdiction over the subject matter and parties in this action pursuant to 28 U.S.C. § 1332.

### II.

Venue properly lies in this district and division.

### III.

■ The doctrine of collateral estoppel bars the litigation of an issue in a civil proceeding if that same issue was distinctly put in issue and directly determined in a prior criminal proceeding. *Emich Motors Corp. v. General Motors Corp.,* 340 U.S. 558, 71 S.Ct. 408, 95 L.Ed. 534 (1951); *Wolfson v. Baker,* 623 F.2d 1074 (5th Cir. 1980). The Christy Shannon Merritt in this action is the same as the victim in Larry Alan Merritt's murder trial. Application of the doctrine of collateral estoppel is appropriate in this case because: (1) the issue of the cause of the death of Christy Shannon Merritt in this action is the same as the issue in Larry

Alan Merritt's murder trial; (2) the issue of the cause of death of Christy Shannon Merritt was actually litigated in Larry Alan Merritt's murder trial; and (3) the prior determination of the cause of death of Christy Shannon Merritt was necessary and essential to the murder conviction of Larry Alan Merritt. *Environmental Defense Fund v. Alexander,* 501 F.Supp. 742 (N.D. Miss.1980).

## IV.

The issue of the cause of Christy Shannon Merritt's death was fully and fairly litigated in Larry Alan Merritt's murder trial. The criminal jury found beyond a reasonable doubt that Larry Alan Merritt murdered Christy Shannon Merritt. It would be an exercise in futility for this Court to retry the issue of the cause of her death, especially when the burden of proof in the case at bar would be only a preponderance of the evidence. *Travelers Indemnity Co. v. Walburn,* 378 F.Supp. 860 (D.C.D.C.1974).

## V.

■ The Plaintiff in this case is the mother of the convicted murderer, Larry Alan Merritt. She was appointed Temporary Administratrix upon her own petition, which was joined in by her son, Larry Alan Merritt. Toddie Lynn Merritt, the surviving mother of the deceased, and Sheila Merritt, the surviving sister, did not join in the petition. As Temporary Administratrix, Plaintiff represents the heirs of Christy Shannon Merritt, including Larry Alan Merritt. Thus, it is the opinion of this Court that the Plaintiff Temporary Administratrix is the virtual representative of Larry Alan Merritt, and that Larry Alan Merritt and the Plaintiff have such identity of interest as to invoke application of the doctrine of collateral estoppel. *Hardin v. Aetna Casualty & Surety Co.,* 384 F.2d 718 (5th Cir. 1967); *Wolfson v. Baker, supra.; Pollard v. Cockrell,* 578 F.2d 1002 (5th Cir. 1978).

## VI.

Since the issue of the cause of death of Christy Shannon Merritt is the ultimate factual issue to be determined in this cause, and Plaintiff is collaterally estopped from relitigating the issue, and there are no other genuine issues of fact to be litigated, summary judgment is appropriate under Fed.R.Civ.P. 56.

## CONCLUSION

It is therefore the opinion of this Court that final judgment should be entered in this cause for Defendant, and against Plaintiff, and that all costs in this action should be assessed to Plaintiff. A final judgment shall be entered consistent with these findings of fact and conclusions of law.