**ESEROMA AMISONE, Individually and as Administrator for the Estate of FILIPO AMISONE, Deceased, and FETAOMI AMISONE, Plaintiffs**

**v.**

**KERISIANO TALAEAI, HERBERT BOAT, INSURANCE COMPANY OF THE PACIFIC, and DOES I-X, Defendants**

High Court of American Samoa
Trial Division

CA No. 84-91

December 1, 1992

---

Before RICHMOND, Associate Justice, TAUANU'U, Chief Associate Judge, LOGOAI, Associate Judge.

Counsel: For Plaintiffs, John L. Ward II
 For Defendant Kerisiano Talaeai, Gata E. Gurr

On Motion for Partial Summary Judgment:

Plaintiffs have filed a second motion for partial summary judgment against defendant Talaeai ("Talaeai") on the issue of liability in this wrongful-death action.

Plaintiffs' first motion for a partial summary judgment on the issue of liability was denied on July 15, 1992, on the procedural ground that the action was subject to default-judgment proceedings rather than summary-judgment proceedings. On August 26, 1992, plaintiffs' motion for reconsideration, new trial or hearing, or an amended judgment with respect to the court's order of July 15, 1992, was denied. An amended order denying the motion for summary judgment was also issued to correct portions of the original order, without any substantive change in the result. Furthermore, the clerk's entry of default was set aside, based on Talaeai's appearance on July 31, 1992, and he was allowed to and did file an answer within two weeks. Thus, it has become appropriate to consider the substance of plaintiffs' motion for partial summary judgment.

The motion is grounded on the legal consequence of Talaeai's conviction by his plea of guilty to the felony of homicide by vehicle (A.S.C.A. § 22.0706). This criminal prosecution arose out of the same incident forming the factual basis of this civil action for damages. Talaeai's plea of guilty is evidence that he was recklessly driving a motor vehicle and thereby proximately caused Filipo Amisone's death.

53

Plaintiffs argue that, as a result, no genuine issues as to material facts remain with regard to Taleai's liability in this litigation.

In essence, plaintiffs' argument seeks to apply the doctrine of res judicata or, more precisely, collateral estoppel. The peculiar circumstances of some related criminal and civil actions may occasionally justify employment of this doctrine. *See, e.g., Teitelbaum Furs, Inc. v. Dominion Insurance Co.*, 375 P.2d 439 (Cal. 1962). However, it is not appropriate to utilize Talaeai's plea of guilty as the sole means of determining his civil liability in this action.

Ordinarily, a plea of guilty in a previous criminal prosecution is admissible as evidence in a subsequent civil action under the hearsay exception for a party's admissions. *Teitelbaum Furs*, 375 P.2d at 441; *Remmenga v. Selk*, 34 N.W.2d 757, 766 (Neb. 1948); *Koch v. Elkins*, 225 P.2d 457, 460 (Idaho 1950); *Dimmick v. Follis*, 111 N.E.2d 486, 488 (Ind. App. 1953); *Fleming v. City of Seattle*, 275 P.2d 904, 910 (Wash. 1954); *Ryan v. Westgard*, 530 P.2d 687, 695 (Wash. App. 1975).

The policy underlying collateral estoppel would not be truly served by making a plea of guilty conclusive in a civil action. Collateral estoppel seeks to limit litigation by preventing a party who has had a fair trial on an issue from raising it again in a later controversy. *Teitelbaum Furs*, 375 P.2d at 441. However, this policy must also take into account the policy that a party shall not be deprived of a fair adversarial proceeding and full opportunity to present his cause in a subsequent action. *Id.* A plea of guilty in a prior criminal action necessarily eliminates a full and contested presentation of evidence on the issues, and it may only indicate a compromise or an expectation of a more advantageous disposition of a criminal accusation. *Id.* Considerations of fairness in a later civil proceeding and due regard for expeditious administration of criminal justice prevent the application of collateral estoppel against a civil litigant, when founded solely on his plea of guilty to a criminal charge arising from the same set of facts. *Id.*

Plaintiffs' motion is denied. It is so ordered.