[No. B099406. Second Dist., Div. Six. Apr. 14, 1997.]

ROBERT W. HIGGINBOTHAM, Plaintiff and Appellant, v.
PAUL KING et al., Defendants and Respondents.

**COUNSEL**

George, Gallo & Sullivan, Ray A. Gallo and Shaunna Sullivan for Plaintiff and Appellant.

Daniel E. Lungren, Attorney General, Margaret A. Rodda, Assistant Attorney General, Richard J. Rojo and Jung D. Shin, Deputy Attorneys General, for Defendants and Respondents.

**OPINION**

**YEGAN, J.**—Robert W. Higginbotham appeals from a judgment dismissing his civil rights complaint (42 U.S.C. § 1983) after the trial court ruled that it failed to state a cause of action. We affirm. Appellant has failed to demonstrate that the complaint can be amended to allege a cognizable damage. (*WMX Technologies, Inc.* v. *Miller* (9th Cir. 1996) 80 F.3d 1315, 1319-1320.)

*Facts*

On September 2, 1992, the San Luis Obispo Narcotics Task Force arrested appellant, a prominent eye surgeon, for cultivating marijuana. (Health & Saf. Code, § 11358.) After appellant was booked, Narcotics Task Force Officer

Paul King made a statement to the news media that appeared in the *Telegram-Tribune*, a local newspaper.[1]

On August 17, 1993, a jury convicted appellant of marijuana cultivation following an 11-week trial.[2] (Health & Saf. Code, § 11358.) Appellant appealed the conviction and filed the instant action against respondents, King and the State of California, seeking damages under the Civil Rights Act of 1871. (42 U.S.C. § 1983.) The complaint alleged that King's statements "were all false and in a community the size of San Luis Obispo created an immediate impression of guilt for the crime for which he was arrested and an impression, which has been from its release to date, virtually impossible to erase from the minds of witnesses, jurors, patients, and acquaintances."

Respondents moved for summary judgment on the ground that appellant was collaterally estopped by the criminal conviction. Appellant, in his opposition papers, admitted that he did not seek a change of venue. It was also undisputed that his attorney in the criminal action voir dired prospective jurors about the pretrial publicity.

The trial court ruled that the complaint failed to state a cause of action and granted appellant 20 days' leave to amend his complaint. Summary judgment was entered after appellant failed to file an amended complaint.

### Collateral Estoppel

To state a cause of action under 42 United States Code section 1983, the complaint must allege that respondents acted under color of state law and

---

[1]The September 4, 1992, article stated in pertinent part:

"Dr. Robert 'Sonny' W. Higginbotham, 48, of Pismo Beach was being held in County Jail this morning in lieu of $200,000 bail on suspicion of marijuana cultivation and possessing marijuana for sale, according to a jail spokeswoman.

"Thursday night, narcotics agents checking a remote area off Price Canyon Road in rural San Luis Obispo reportedly spotted Higginbotham get out of his blue BMW, pull on camouflage clothing and hike about a quarter mile through thick brush, according to Narcotics Task Force commander Paul King.

"The doctor allegedly walked to a fenced area where at least 100 sinsemilla plants were growing up to 6 feet tall, King said.

"While agents from the state Campaign Against Marijuana Planting watched from the brush, Higginbotham allegedly went inside the enclosed area where plants were being watered through a main line set up some distance from the crop.

"Higginbotham must have heard something said King, because he started running, peeling off his camouflage clothes as he was being chased by agents.

"The agents chased him to his car, King said, where he was arrested at about 7 p.m. By then he was barefoot and wearing a T-shirt and suit pants, King said."

[2]Appellant was granted probation, sentenced to 90 days in jail, and ordered to serve 1,000 hours of community service and to pay a $21,000 fine.

violated appellant's constitutional or federally protected rights. "Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law." (*Baker* v. *McCollan* (1979) 443 U.S. 137, 146 [99 S.Ct. 2689, 2695, 61 L.Ed.2d 433, 443].)

■ The complaint alleges that respondents attempted "to deprive the Plaintiff of a fair trial by influencing witnesses and jurors with a false press release . . . ." Respondents argue that the criminal conviction estops appellant from relitigating facts necessarily established in the criminal proceeding. (See, e.g., *Bernhard* v. *Bank of America* (1942) 19 Cal.2d 807, 814 [122 P.2d 892].) We agree. (*Compton* v. *Ide* (9th Cir. 1984) 732 F.2d 1429, 1434 [action against officers for false arrest barred by plaintiff's criminal conviction].) Appellant cannot collaterally attack the conviction based on the theory that the pretrial publicity violated his Sixth Amendment right to a fair trial.

"The right to be tried by an impartial jury, by its very nature, can only be afforded or denied in the context of a criminal trial." (*Kaylor* v. *Fields* (8th Cir. 1981) 661 F.2d 1177, 1181.) Where the defendant is charged with a criminal offense and tried by a jury, "he has ample means, including *voir dire* and a motion for change of venue, by which to vindicate this right in the state [criminal] courts." (*Ibid.*) A civil rights action does not lie unless the criminal proceeding failed to provide adequate due process protections to guard against the effects of pretrial publicity. (*Buckley* v. *Fitzsimmons* (7th Cir. 1994) 20 F.3d 789, 798-799 [no § 1983 claim where prosecutor's press conference statements allegedly prevented fair trial and acquittal].)

Respondents' motion for summary judgment made a prima facie showing that appellant was afforded and exercised all of his due process rights during the criminal trial. Under the summary judgment statute, the burden shifted to appellant to present evidence that the pretrial publicity denied him a fair trial. (Code Civ. Proc., § 437c, subd. (o)(2); *Union Bank* v. *Superior Court* (1995) 31 Cal.App.4th 573, 593 [37 Cal.Rptr.2d 653].) Appellant's opposing declaration lacked foundation and raised no material triable facts.

The doctrine of collateral estoppel bars appellant's claim that the pretrial publicity denied him a fair trial. Appellant "was afforded a full opportunity to litigate the issue of his guilt with all the safeguards afforded the criminal defendant, and since he was charged with felonies punishable in the state prison [citation], he had every motive to make as vigorous and effective a defense as possible. Under these circumstances, we hold that any issue necessarily decided in a prior criminal proceeding is conclusively determined as to the parties if it is involved in a subsequent civil action."

(*Teitelbaum Furs, Inc.* v. *Dominion Ins. Co., Ltd.* (1962) 58 Cal.2d 601, 606-607 [25 Cal.Rptr. 559, 375 P.2d 439].)

## Appeal of Criminal Conviction

Appellant contends that the doctrine of collateral estoppel does not apply because he appealed the criminal conviction. The conviction, however, was affirmed by this court on March 18, 1997, in an unpublished opinion. (*People* v. *Higginbotham* (Mar. 18, 1997) B078974.) Assuming that the trial court acted prematurely in ruling on the summary judgment motion, there was no prejudice. Appellant is collaterally estopped by the judgment and may not seek damages based on the theory that he was denied a fair trial in the criminal proceeding.

## Damage to Reputation and Business

Appellant argues that the complaint states a cause of action for violation of a constitutionally protected liberty or property interest. The complaint alleges that the press statement damaged appellant's professional reputation and medical practice. "Slander is not, however, a constitutional tort, because a person's interest in his reputation is neither 'liberty' nor 'property' for purposes of the due process clause. [Citations.]" (*Buckley* v. *Fitzsimmons, supra,* 20 F.3d 789, 797; see also *Siegert* v. *Gilley* (1991) 500 U.S. 226, 233 [111 S.Ct. 1789, 1794, 114 L.Ed.2d 277, 288].)

In *Paul* v. *Davis* (1976) 424 U.S. 693 [96 S.Ct. 1155, 47 L.Ed.2d 405], the plaintiff was arrested for shoplifting and defamed when the police department circulated a flyer of "Active Shoplifters" that included plaintiff's name and photograph. (*Id.,* at p. 697 [96 S.Ct. at pp. 1158-1159, 47 L.Ed.2d at p. 411].) Plaintiff filed suit under 42 United States Code section 1983 alleging that the flyer stigmatized his reputation and seriously impaired his employment opportunities. The United States Supreme Court held that no cause of action was stated because injury to reputation was not a liberty or property interest protected under the Fourteenth Amendment. (424 U.S. at p. 712 [96 S.Ct. at pp. 1165-1166, 47 L.Ed.2d at p. 420].)

The same principle was invoked in *Johnson* v. *Barker* (9th Cir. 1986) 799 F.2d 1396. There, the plaintiff was prosecuted for entering a restricted area near Mt. St. Helens. The criminal action was dismissed for lack of speedy trial. Johnson filed a civil rights action alleging that the sheriff and prosecutor made defamatory statements concerning his arrest. The court held that the statements, even if defamatory, did not give rise to a civil action for violation of Johnson's due process rights. The court stated: "*Paul* v. *Davis*

teaches that damage to reputation, standing alone, cannot state a claim for relief under section 1983 because reputation is neither 'liberty' nor 'property' guaranteed against state deprivation without due process of law. In order to attain protected status under the Due Process Clause, the state action complained of must also alter or extinguish a right or status previously recognized by state law. [Citation.]" (*Id.*, at p. 1399.)

Appellant claims that the pretrial publicity damaged his medical practice, a protected property right. The argument is based on the "stigma-plus" test set forth in *Paul* v. *Davis*, and requires a showing that respondents not only defamed appellant (the "stigma"), but deprived him of a property or liberty interest (the "plus"). (*Paul* v. *Davis, supra*, 424 U.S. 693, 709-711 [96 S.Ct. 1155, 1164-1165, 47 L.Ed.2d 405, 418-419].) Those allegations are missing here.

The complaint must allege that respondents contacted appellant's patients and directly caused the alleged loss. (*WMX Technologies, Inc.* v. *Miller, supra*, 80 F.3d 1315, 1319.) Appellant has made no offer of proof that the complaint can be so amended. "[T]his case only involves defamatory remarks made to the public generally which allegedly injured the plaintiffs' business reputation. This is not sufficient to satisfy the requirement that a constitutionally protected property interest be at stake. Damage to business reputation without more does not rise to the level of a constitutionally protected property interest. [Citations.] Allowing the plaintiffs' claim under these circumstances would constitutionalize the state law tort of defamation." (*Ibid.*)

Appellant asserts that the press statement caused a reaction in the community that incidentally affected his business and personal life. Standing alone, the claim does not satisfy *Paul* v. *Davis, supra*, 424 U.S. at pages 709-711 [96 S.Ct. at pages 1164-1165, 47 L.Ed.2d at pages 418-419]. "[S]tate action must accompany both prongs of the 'stigma-plus' test. 'If plaintiff only has to show that the state defamed him-and not that the state did something else as well-in order to state a claim for deprivation of liberty under § 1983, the effect would be to transmute all defamation actions against state actors in which plaintiff can show some harm resulting from the defamation into § 1983 actions.' [Citation.] We conclude today that the 'stigma-plus' test requires that the defamation be accompanied by an injury directly caused by the Government, rather than an injury caused by the act of some third party." (*WMX Technologies, Inc.* v. *Miller, supra*, 80 F.3d 1315, 1320.)

The trial court ruled that the complaint failed to state a cause of action. We agree. "[The] collateral consequences of the defamation, such as loss of

business, public scorn, and potential loss of employment, did not create a cause of action for the defamation under *Paul*, since such consequences would not be the result of any affirmative conduct by the parties making the defamation." (*Cooper* v. *Dupnik* (9th Cir. 1991) 924 F.2d 1520, 1534, fn. omitted.) Appellant cannot bootstrap a civil rights claim based on the theory that the pretrial publicity damaged his medical practice, his employment opportunities, or his standing in the community. (*WMX Technologies, Inc.* v. *Miller, supra*, 80 F.3d 1315, 1320; *Ellenberger* v. *Espinoza* (1994) 30 Cal.App.4th 943, 949 [36 Cal.Rptr.2d 360].)

The judgment is affirmed with costs to respondent.

Stone (S. J.), P. J., and Gilbert, J., concurred.

Appellant's petition for review by the Supreme Court was denied July 23, 1997.