In re: Cathryn REIFF, Debtor.

Cathryn Reiff, Appellant–Appellant,

v.

R. Todd Neilson, Trustee; et al., Appellees–Appellees.

No. 00–57129.

BAP No. CC–00–1236–PBMo.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 13, 2001.*

Decided Aug. 30, 2001.

Before HAWKINS, TASHIMA, and GOULD, Circuit Judges.

## MEMORANDUM**

Cathryn Reiff appeals pro se the Bankruptcy Appellate Panel's ("BAP") order affirming the bankruptcy court's judgment denying her request for a discharge. We have jurisdiction under 28 U.S.C. § 158(d), and we affirm.

---

* The panel unanimously finds this case suitable for decision without oral argument and denies Reiff's request for oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

We review de novo the BAP's legal conclusions. *United States Trustee v. Garvey, Schubert & Barer (In re Century Cleaning Servs., Inc.)*, 195 F.3d 1053, 1055 (9th Cir.1999). We independently review the bankruptcy court's rulings on appeal from the BAP. *Cool Fuel, Inc. v. Bd. of Equalization (In re Cool Fuel, Inc.)*, 210 F.3d 999, 1001–02 (9th Cir.2000). The imposition of discovery sanctions under Rule 37 is reviewed for an abuse of discretion. *Payne v. Exxon Corp.*, 121 F.3d 503, 507 (9th Cir.1997).

Because Reiff failed to make initial and pretrial disclosures of the lists of witnesses and documents relevant to disputed facts as required by Fed.R.Civ.P. 26, failed to meet and confer with the Trustee as required by Local Bankruptcy Rule 7026–1, and failed to demonstrate substantial compliance or that her acts were harmless, the bankruptcy court did not abuse its discretion in excluding Reiff's evidence and witnesses at the discharge trial. *See* Fed.R.Civ.P. 37(c)(1); *Payne*, 121 F.3d at 507 (district court may dismiss claims for failure to comply with discovery orders).

The bankruptcy court did not err in holding that the contempt order was entitled to collateral estoppel effect in the bankruptcy discharge proceeding. *See First Nat'l Bank v. Russell (In re Russell)*, 76 F.3d 242, 244–45 (9th Cir.1996); *Teitelbaum Furs, Inc. v. Dominion Ins. Co.*, 58 Cal.2d 601, 25 Cal.Rptr. 559, 375 P.2d 439, 440 (Cal.1962) (doctrine of collateral estoppel is applicable in a civil case to issue determined in previous criminal prosecution).

The bankruptcy court did not err in denying Reiff's request to compel the estate to provide for funds for counsel because Reiff failed to demonstrate that the services were "reasonably likely to benefit [her] estate" or were "necessary to the administration of the case." *See* 11 U.S.C. § 330(a)(4)(A)(ii); *Lobel & Opera v. United States Trustee (In re Auto Parts Club, Inc.)*, 211 B.R. 29, 33 (9th Cir.BAP1997).

Because Reiff failed to argue the merits of the bankruptcy court's denial of the discharge before this court or the BAP, the merits of the discharge decision are waived. *See Miller v. Fairchild Indus., Inc.*, 797 F.2d 727, 738 (9th Cir.1986). Similarly, because Reiff failed to provide argument to support her contentions that the bankruptcy court erred in denying her requests for an extension of the trial date and for a stipulation for denial of discharge, her claims are deemed abandoned. *See Acosta–Huerta v. Estelle*, 7 F.3d 139, 144 (9th Cir.1992). This court does not have jurisdiction to review Reiff's arguments concerning the Morse settlement. *See Dodd v. Hood River County*, 59 F.3d 852, 863 (9th Cir.1995).

Reiff's remaining contentions lack merit. We grant Reiff's motion to file the separately bound appendix to her informal opening brief; we have considered the appendix in concluding this appeal.

**AFFIRMED.**