[No. G031938. Fourth Dist., Div. Three. June 30, 2004.]

CATHERINE DONAHUE BURT, Plaintiff and Appellant, v.
COUNTY OF ORANGE et al., Defendants and Respondents.

**COUNSEL**

Heston & Heston and Richard G. Heston for Plaintiff and Appellant.

Benjamin P. De Mayo, County Counsel, and Laura D. Knapp, Deputy County Counsel for Defendant and Respondent County of Orange.

No appearance by Defendant and Respondent State of California.

**OPINION**

**RYLAARSDAM, J.**—Plaintiff Catherine Donahue Burt appeals from a judgment entered after the trial court sustained without leave to amend the demurrer of defendant County of Orange (county) to her amended petition for a writ of administrative mandate. The petition sought to compel the county's Social Services Agency (SSA) to grant her a hearing to challenge its decision to file a report with the Child Abuse Central Index (CACI) finding

an allegation of suspected child abuse by plaintiff was either substantiated or inconclusive. Plaintiff contends defendant's decision to deny her an opportunity to participate in the investigation that led to the finding and report violated her constitutional rights to due process and privacy. We conclude plaintiff has alleged sufficient facts to support a right to relief and reverse.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed a petition against county seeking a writ of administrative mandamus. (Code Civ. Proc., § 1094.5.) By an amended petition, plaintiff also named the State of California's Department of Justice (DOJ), but conceded the DOJ acts "merely [as] a 'respository' for information that is reported to it by the various agencies . . . charged with the responsibility to investigate reports of suspected child abuse," and relief against it would arise only if it "fails or refuses to comply with [any] . . . order or . . . request" to remove her name from the CACI.

In ruling on the demurrer, the trial court had to accept as true all material facts properly pleaded in plaintiff's petition, disregarding only conclusions of law and allegations contrary to judicially noticed facts. (*Stanton v. Dumke* (1966) 64 Cal.2d 199, 201 [49 Cal.Rptr. 380, 411 P.2d 108]; see also *Kleiner v. Garrison* (1947) 82 Cal.App.2d 442, 445, 447 [187 P.2d 57].) Applying these principles, the following material allegations appear in plaintiff's amended petition.

Plaintiff is a licensed pharmacist and the mother of a child born in August 2000. She suffers from migraine headaches. In August 2001, her neurologist prescribed Demerol to control the pain caused by a headache. Later that day, plaintiff called 911, reporting her "child may have accidentally received a dosage of Demerol[] . . . ." Emergency medical personnel and local police responded to the call.

Plaintiff told the police a syringe containing Demerol "accidentally fell from the breast pocket of [her] pajamas into [her child's] play pen . . . , and that the syringe may have punctured [the child's] skin and resulted in the release of 10–20 mg . . . ." Both plaintiff and her child were taken to a hospital. "Following several hours of observation . . . by [an] emergency room attending physician, . . . [the child] remained asymptomatic, . . . and the incident was determined to be a 'non-toxic . . . exposure' . . . ."

Nonetheless, the police placed the child in defendant's "temporary custody . . . pending completion and review of a full investigation of the incident." Two days later county returned the child to plaintiff and her husband after "determin[ing] . . . that no laws had been violated to warrant the filing of

criminal charges . . . and that the minor child had not suffered, nor was there a substantial risk that the child would suffer, serious physical harm . . . that would have constituted cause to file a petition under California Welfare and Institutions Code § 300."

In late October, SSA sent plaintiff written notice that it had transmitted a child abuse report to the DOJ "for inclusion in the [CACI]" based on a "completed . . . investigation" which "had determined that the [report of suspected child abuse] was either substantiated or inconclusive." Plaintiff's amended petition incorporated a copy of the notice she received from county.

Through her attorney, plaintiff sent SSA a letter "request[ing] a review of the report as being an 'unfounded report' . . . ." SSA responded with a form letter repeating its conclusion that submitting plaintiff's name "for inclusion in the [CACI] was required because the investigation of suspected child abuse determined the report to be substantiated or inconclusive."

Plaintiff obtained a court order directing SSA to release to her records of reports concerning her suspected abuse or neglect of her child, and then "made written request" to county "for a hearing and an opportunity to offer evidence bearing on [its] determination . . . that the submission of [plaintiff's] name to [the DOJ] for inclusion in the [CACI] was required . . . ." SSA sent plaintiff "written notification that it had forwarded [her] request to the Children and Family Services Review Panel for consideration, and that after . . . secondary review it had determined that the investigative finding of 'substantiated' was upheld, and that such determination constituted a final determination."

The amended petition alleged SSA's finding of substantiated or inconclusive suspected child abuse was invalid because it: 1) "failed to hold any hearing or otherwise provide [plaintiff] with an opportunity to offer evidence, call witnesses . . . or examine those witnesses whose statements and testimony were considered by [county] in reaching its decision"; and 2) "failed to render or otherwise set forth any findings whatsoever sufficient to facilitate the orderly analysis of the data produced by the investigation" or "to enable a reviewing court to examine the sufficiency of [county's] analysis . . . ." Plaintiff alleged SSA's finding and report affected her "fundamental[ly] vested right . . . in that the . . . inclusion of [plaintiff] in the . . . [CACI] shall impact upon and may be considered a factor in the revocation [of] or refusal to renew her license as a pharmacist . . . ."

County's demurrer argued Code of Civil Procedure section 1094.5 did not apply because "[n]o hearing was 'required' to be given [to plaintiff], nor was any 'evidence required to be taken.' To the contrary, there are no provisions

for any type of hearing or evidence submission for someone seeking to have a [child abuse] report withdrawn."

The trial court sustained county's demurrer without leave to amend, explaining it could "find no authority, under the facts of this case, that would permit [it] to issue the requested relief." The court rejected plaintiff's reliance on the right of privacy to "permit intervention . . . in the absence of a specific statutory scheme," noting "the government's obligation to protect children and solve crime," plus the fact that simply "listing . . . [plaintiff] on a central index has not . . . ripened [in]to a violation of [the] . . . right to privacy," and the "alleged due process violation that may affect [plaintiff's] state[-]issued pharmacists' [*sic*] license sometime in the . . . future is highly speculative . . . ." (Italics omitted.)

## DISCUSSION

### *Introduction*

In her petition, plaintiff contends SSA's decision to include her name in the CACI without allowing her an opportunity to participate in the decision-making process implicated her state constitutional right to privacy and thus violated due process.

■ Just as the trial court, an appellate court reviewing a judgment entered after a demurrer has been sustained without leave to amend assumes the truth of all properly pleaded material facts unless contradicted by judicially noticed matters. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318 [216 Cal.Rptr. 718, 703 P.2d 58].) The appellate court determines whether, reading the petition as a whole and giving it a reasonable interpretation, the pleading states facts sufficient to state a cause of action or a reasonable possibility exists that any defects can be cured by amendment. (*Ibid.*; see *Scott v. City of Indian Wells* (1972) 6 Cal.3d 541, 546 [99 Cal.Rptr. 745, 492 P.2d 1137].) If the answer to either question is yes, then the trial court erred in making its ruling. (*Blank v. Kirwan, supra,* 39 Cal.3d at p. 318.)

### *The Child Abuse and Neglect Reporting Act*

■ The entry of plaintiff's name and the report of her suspected child abuse in the CACI was made pursuant to the Child Abuse and Neglect Reporting Act. (Pen. Code, § 11164 et seq., the Act.) It authorizes persons to report suspected child abuse or neglect to certain public agencies, including a county welfare department. (Pen. Code, §§ 11165.7, 11165.9 & 11166.) Child abuse or neglect includes: "physical injury inflicted by other than accidental

means upon a child by another person," and "the negligent treatment or the maltreatment of a child by a person responsible for the child's welfare under circumstances indicating harm or threatened harm to the child's health or welfare." (Pen. Code, §§ 11165.2, 11165.6.) Reports of suspected child abuse or neglect and the names of persons making them are deemed confidential. (Pen. Code, § 11167, 11167.5.)

The Act defines three levels of reports, unfounded, substantiated, and inconclusive. An "[u]nfounded report" is one "determined by the investigator who conducted the investigation to be false, to be inherently improbable, to involve an accidental injury, or not to constitute child abuse or neglect . . . ." (Pen. Code, § 11165.12, subd. (a).) A "[s]ubstantiated report" is one the investigator determines, "based upon some credible evidence, to constitute child abuse or neglect . . . ." (Pen. Code, § 11165.12, subd. (b).) An "[i]nconclusive report" is defined as one the investigator determines "not to be unfounded, but in which the findings are inconclusive and there is insufficient evidence to determine whether child abuse or neglect . . . has occurred." (Pen. Code, § 11165.12, subd. (c).)

An agency reviewing a report of alleged child abuse or neglect is required to forward to the DOJ a written report "of known or suspected child abuse or severe neglect" after the agency "has conducted an active investigation and determined that the report is not unfounded . . . ." (Pen. Code, § 11169, subd. (a).) The reporting agency "shall also notify . . . the known or suspected child abuser that he or she has been reported to the [CACI]." (Pen. Code, § 11169, subd. (b).)

The DOJ is required to "maintain an index of all reports." (Pen. Code, § 11170, subd. (a)(1).) But as plaintiff acknowledges, the department merely acts as "a repository" (Pen. Code, § 11170, subd. (a)(2)), with the reporting agencies assuming "responsib[ility] for the accuracy, completeness, and retention of the reports . . . ." (*Ibid.*) The department must retain reports "for a period of 10 years from the time the most recent report is received . . . ." (Pen. Code, § 11170, subd. (a)(3).) Reports may be removed from the index in two instances: When a reporting agency notifies the DOJ that "a report . . . previously . . . filed [has] subsequently prove[n] to be unfounded" (Pen. Code, § 11169, subd. (a)), or where "a person . . . listed in the [CACI] only as a victim of child abuse or neglect . . . [who] is 18 years of age or older . . . [files a written request to] have his or her name removed . . . ." (Pen. Code, § 11170, subd. (f).)

*Jurisdiction*

Defendant claims the decision of the trial court should be affirmed because it lacked jurisdiction to grant relief.

Plaintiff alleged county violated her rights by "fail[ing] to hold any hearing or otherwise provide [her] with an opportunity to offer evidence, call witnesses . . . , or examine those witnesses whose statements and testimony were considered by [SSA] in reaching its decision . . . ." County responds that Code of Civil Procedure section 1094.5, subdivision (a) only allows judicial inquiry "into the validity of any final administrative order or decision made as the result of a proceeding in which *by law a hearing is required* to be given [and] *evidence is required to be taken* . . . ." (Italics added.) Since no evidentiary hearing was required, it argues plaintiff cannot meet the statutory requirements.

While county agrees the traditional mandamus statute provides an alternative form of relief, Code of Civil Procedure section 1085, subdivision (a) authorizes issuance of a writ only "to compel the performance of an act which the law specially enjoins, as a duty resulting from an office, trust, or station . . . ." Since SSA's decision to submit a suspected child abuse report to the DOJ constituted an exercise of its discretionary authority under the Act, county asserts relief under traditional mandamus is also inapplicable. In short, county suggests no avenue exists to permit judicial review of its decision to submit a report to CACI identifying plaintiff as a suspected child abuser. We disagree.

■  Generally, when a statutory scheme does not expressly provide for a hearing, the Supreme Court has inferred the right to a hearing to ensure the law is consistent with due process requirements. (*Traverso v. People ex rel. Dept. of Transportation* (1993) 6 Cal.4th 1152, 1163–1166 [26 Cal.Rptr.2d 217, 864 P.2d 488] [billboard removal statute which contemplated a fact-finding determination and did not preclude hearing]; *People v. Amor* (1974) 12 Cal.3d 20, 29–30 [114 Cal.Rptr. 765, 523 P.2d 1173] [criminal defendant's obligation to reimburse for cost of appointed counsel]; *Simpson v. City of Los Angeles* (1953) 40 Cal.2d 271, 282 [253 P.2d 464] [release of impounded animal to research facility]; *Carroll v. California Horse Racing Board* (1940) 16 Cal.2d 164, 168 [105 P.2d 110] [revocation of horse trainer's license]; see also *Merco Constr. Engineers, Inc. v. Los Angeles Unified Sch. Dist.* (1969) 274 Cal.App.2d 154, 168 [79 Cal.Rptr. 23], and cases cited.) "The power of superior courts to perform mandamus review of administrative decisions derives in part from article VI, section 10 of the California Constitution. [Citations.] That section gives '[t]he Supreme Court, courts of appeal, [and] superior courts . . . original jurisdiction in proceedings for extraordinary relief in the nature of mandamus . . . .' [Citation.] 'The jurisdiction thus vested may not lightly be deemed to have been destroyed.' [Citation.] 'While the courts are subject to reasonable statutory regulation of procedure and other matters, they will maintain their constitutional powers in order effectively to function as a separate department of government. [Citations.] Consequently an intent to defeat the exercise of the court's jurisdiction will not be supplied by

implication.' [Citation.]" (*County of San Diego v. State of California* (1997) 15 Cal.4th 68, 87 [61 Cal.Rptr.2d 134, 931 P.2d 312].)

As county recognizes, where a petition is dismissed by demurrer, the "petitioner's characterization of his claim is not conclusive." (*Mobley v. Los Angeles Unified School Dist.* (2001) 90 Cal.App.4th 1221, 1245 [109 Cal.Rptr.2d 591].) There is authority supporting the remedy of administrative mandamus in this context. In *Mobley*, the court stated: "Where an agency has failed to provide a hearing required by law, either a petition for administrative mandate or a petition for ordinary mandate may be utilized to obtain the requisite hearing." (*Ibid.*; see also *Kirkpatrick v. City of Oceanside* (1991) 232 Cal.App.3d 267, 279 [283 Cal.Rptr. 191] ["when a hearing is not explicitly required by law, but is compelled by due process considerations (i.e., where the statute, rule, or ordinance concerned does not provide for a hearing when property interests are involved), administrative mandamus may be the appropriate remedy to challenge the agency's refusal to provide one"].) But it appears plaintiff's avenue of relief is traditional mandamus, as illustrated by *Saleeby v. State Bar* (1985) 39 Cal.3d 547 [216 Cal.Rptr. 367, 702 P.2d 525].

There, the client of an attorney disciplined by the California State Bar, unhappy with the bar's decision as to his request for reimbursement of fees, filed an original proceeding with the Supreme Court seeking to reverse the decision and an order for the bar to adopt rules governing administration of the Client Security Fund. In opposition, the State Bar argued "neither administrative nor traditional mandamus [citations] will presently lie." (*Saleeby v. State Bar, supra,* 39 Cal.3d at p. 560.)

The Supreme Court disagreed, stating, "No hearing is presently required by the statute or the rules. The former grants discretion to the bar to make payments and formulate regulations; the latter reiterate that hearing *may* be granted and evidence *may* be taken at the discretion of the decisionmaker. [Citation.] . . . [¶] We conclude that traditional mandamus is the appropriate method of review at this time because of the absence of a clear statutory requirement for hearing or of a record sufficient for section 1094.5 review. Petitioner's claim fundamentally is a challenge to the bar's adoption of the existing rules and thus is a challenge to the bar's quasi-legislative actions. [Citation.] Traditional mandamus will, of course, not lie to compel a particular method of exercising discretion [citations] and the selection of a method to process claims and determine which claims will be granted are matters clearly within the bar's proper exercise of authority under the statutory mandate. However, mandamus will lie to correct an *abuse* of discretion or the actions of an administrative agency which exceed the agency's legal powers. [Citations.]" (*Saleeby v. State Bar, supra,* 39 Cal.3d at pp. 561–562.)

■ Here, the Act obligated SSA to conduct an active investigation before sending a report to the CACI. Substantiated and inconclusive reports must be based on the existence of some evidentiary support. Furthermore, the Act contemplates subsequent hearings that allow for correction where a prior substantiated or inconclusive report is subsequently determined to be unfounded. If SSA has an obligation to provide plaintiff some form of a hearing that permits her to respond to the allegation of suspected child abuse, or to provide her with findings that explain the basis for its decision to send a report to the DOJ identifying her as a suspected child abuser, then she would be entitled to relief in the form of a writ of mandamus. Thus, we conclude county's jurisdictional argument is without merit.

*Due Process*

Plaintiff contends the thrust of her action challenges "the manner in which" county decided "to include her" in the CACI, "in secrecy behind closed doors without a hearing and an opportunity to be heard or any form of review . . . ." She claims her right to privacy was "implicated" by this decision, and that "[w]hen she was denied any opportunity to . . . participate or be heard with regard to the process that ultimately [led] to the decision to report [her] personal and private information to [DOJ], her due process rights . . . were violated."

Under the federal Constitution, "Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment." (*Mathews v. Eldridge* (1976) 424 U.S. 319, 332 [96 S.Ct. 893, 47 L.Ed.2d 18]; see also *Ryan v. California Interscholastic Federation* (2001) 94 Cal.App.4th 1048, 1059 [114 Cal.Rptr.2d 798].) "[I]n considering due process challenges to procedural schemes[,] [t]hree factors come into play: 'First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.' [Citation.]" (*Zuckerman v. State Bd. of Chiropractic Examiners* (2002) 29 Cal.4th 32, 43 [124 Cal.Rptr.2d 701, 53 P.3d 119], quoting *Mathews v. Eldridge, supra,* 424 U.S. at pp. 334–335 [96 S.Ct. 893, 47 L.Ed.2d 18].)

■ Contrary to plaintiff's argument, injury to her reputation alone will not support a federal due process claim. (*Paul v. Davis* (1976) 424 U.S. 693, 711–712 [96 S.Ct. 1155, 47 L.Ed.2d 405] [the interest in reputation "is neither 'liberty' nor 'property' guaranteed against state deprivation without

due process of law"]; *Higginbotham v. King* (1997) 54 Cal.App.4th 1040, 1046 [63 Cal.Rptr.2d 114]; *Stacy & Witbeck, Inc. v. City and County of San Francisco* (1995) 36 Cal.App.4th 1074, 1086–1087, fn. 6 [42 Cal.Rptr.2d 805, 44 Cal.Rptr.2d 472].) A similar result follows under the California Constitution. While a "claimant need not establish a property or liberty interest as a prerequisite to invoking due process protection" (*Ryan v. California Interscholastic Federation, supra,* 94 Cal.App.4th at p. 1069), he or she must "identify a statutorily conferred benefit or interest of which he or she has been deprived to trigger procedural due process under the California Constitution . . . ." (*Id.* at p. 1071.)

■ Plaintiff suggests her right to procedural due process is triggered by the possibility she might seek employment as a pharmacist working with children. Cases from other jurisdictions have recognized the actual or potential loss of employment resulting from the inclusion of one's name in a child abuse registry constitutes a protected property interest supporting a due process challenge to the listing. (*Valmonte v. Bane* (2d Cir. 1994) 18 F.3d 992, 1001–1002; *Cavarretta v. Dept. of Children and Family Services* (1996) 277 Ill.App.3d 16 [660 N.E.2d 250, 254, 214 Ill.Dec. 59]; *In re Allegations of Sexual Abuse at East Park High Sch.* (1998) 314 N.J. Super. 149 [714 A.2d 339, 345–346].) But the record reflects plaintiff's assertion is mere speculation. Reports submitted to the CACI are confidential and may be disseminated only to a limited group of agencies specifically listed in the Act. Plaintiff does not allege she is seeking employment that would require dissemination of information from the CACI.

■ However, the primary focus of plaintiff's procedural due process claim is the alleged violation of her right to privacy. Other jurisdictions have recognized the inclusion of a parent's name in a child abuse registry report implicates the person's familial privacy interest. (*Hodge v. Jones* (4th Cir. 1994) 31 F.3d 157, 163 [while not absolute or unqualified, "[m]uch like the foundational concept of individual privacy, [citation], the sanctity of the family unit is a fundamental precept firmly ensconced in the Constitution and shielded by the Due Process Clause of the Fourteenth Amendment"]; *Bohn v. County of Dakota* (8th Cir. 1985) 772 F.2d 1433, 1435 ["[t]he privacy and autonomy of familial relationships involved in a case like this are unarguably among the protectible interests which due process protects"]; *Watso v. Colorado Department of Social Services* (Colo. 1992) 841 P.2d 299, 307 ["we conclude that the plaintiffs' interests as parents responsible for maintaining the stability and autonomy of their family relationships are rights subject to the protection of procedural due process standards"].) In addition, the California Constitution recognizes a person's right to seek relief for violations of a legally protected privacy interest where, under the circumstances, the individual has a reasonable expectation of privacy and the defendant's conduct amounts to a serious invasion of it. (Cal. Const., art. I, § 1; *American*

*Academy of Pediatrics v. Lungren* (1997) 16 Cal.4th 307, 330 [66 Cal.Rptr.2d 210, 940 P.2d 797]; *Hill v. National Collegiate Athletic Assn.* (1994) 7 Cal.4th 1, 35–37 [26 Cal.Rptr.2d 834, 865 P.2d 633].) One class of legally recognized privacy interests, described as "informational privacy," includes "interests in precluding the dissemination or misuse of sensitive and confidential information." (*Hill v. National Collegiate Athletic Assn., supra,* 7 Cal.4th at p. 35.)

Plaintiff's amended petition asserts SSA sent a report to the DOJ to be included in the CACI identifying her as having potentially exposed her own child to harm. Thus, the petition sufficiently asserts a claim for familial and informational privacy.

■ But the right to privacy is not absolute, and a defendant may prevail by establishing a defense, including the existence of countervailing interests that justify the invasion of a person's privacy. (*Hill v. National Collegiate Athletic Assn., supra,* 7 Cal.4th at pp. 37–38.) Clearly, SSA's concern with protecting children from harm is a compelling interest supporting its efforts in gathering information and filing reports concerning persons suspected of child abuse.

■ Under the Act, a report to the CACI generally results from an ex parte investigation by the reporting agency. Furthermore, a report is required not only for cases involving "substantiated" reports, but also cases where the agency's internal investigation is "inconclusive." Notice to the suspected abuser is not required until after the agency reaches its conclusion and has forwarded a report to the DOJ. Thus, the procedure presents a very real risk of error in identifying a person as a suspected child abuser.

■ Here, plaintiff is merely asserting a right to an opportunity to appear and rebut the charge. In performing its reporting obligation under the Act, a reporting agency such as SSA must conduct an "active investigation" and is limited to making a report only where there is "evidence" to support its substantiated or inconclusive determination concerning an individual. The Act also affords the person named the right to be notified of the decision to report him or her as a suspected child abuser. Finally, the Act permits a reporting agency to expunge a previously filed report where it is subsequently determined to be unfounded. We thus conclude the Act's reporting limitations, notification requirement, and expungement remedy impliedly recognize that a person named as a suspected child abuser is entitled to present a timely challenge to a previously filed report and must be given a reasonable opportunity to rebut the charge.

The allegations of the petition, if found true, support the granting of relief. Plaintiff alleges she took immediate action to obtain a hearing on the CACI

listing. While there may be cases where, due to the nature of the allegations or the sources of information, an agency may wish to limit disclosure of the results of its investigation, this does not appear to be such a case. Plaintiff alleged the superior court already afforded her an opportunity to review SSA's reports on the incident involving her child. In addition, SSA apparently has a review committee available to reconsider an initial determination of suspected child abuse.

However, beyond declaring plaintiff may be entitled to petition for a hearing, we do not believe it is appropriate for us to specify the scope of the proceeding. The requirements of due process are not rigid. (*Saleeby v. State Bar, supra,* 39 Cal.3d at p. 563.) While "[t]he opportunity to be heard is 'a fundamental requirement of due process[,]' [citations] . . . there is no precise manner of hearing which must be afforded; rather the particular interests at issue must be considered in determining what kind of hearing is appropriate. A formal hearing, with full rights of confrontation and cross-examination, is not necessarily required. [Citation.] What must be afforded is a ' "reasonable" opportunity to be heard. [Citations.]' [Citation.]" (*Id.* at pp. 565–566; see also *Mathews v. Eldridge, supra,* 424 U.S. at p. 349.) Thus, we remand the case to the trial court with directions to proceed with a hearing on the merits of plaintiff's petition and the scope of any hearing necessary to protect her right to due process.

## DISPOSITION

The judgment is reversed and the matter remanded to the superior court for further proceedings. Appellant shall recover her costs on appeal.

Sills, P. J., and Bedsworth, J., concurred.

Respondents' petition for review by the Supreme Court was denied September 15, 2004.