Filed 9/13/16  Keller v. City of Roseville CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| RICHARD W. KELLER, | |
| Plaintiff and Appellant, | C078746 |
| v. | (Super. Ct. No. SCV35075) |
| CITY OF ROSEVILLE et al., | |
| Defendants and Respondents. | |

In a prior appeal, we affirmed the trial court's dismissal of a writ petition filed by Richard W. Keller to challenge a determination by the City of Roseville (City) that Keller's competitors in the automobile towing business were in compliance with the City's zoning laws.  (*Keller v. City of Roseville* (April 4, 2014, C072379) [nonpub. opn.] (*Keller I*).)  We affirmed on grounds that (1) Keller lacked standing to challenge the application of the City's zoning laws to his competitors, (2) the public interest exception did not provide him with an exception to standing requirements, and (3) he forfeited a

1

taxpayer lawsuit claim that the City engaged in illegal expenditures or wasted public resources.  (*Keller I, supra,* C072379.)

After the California Supreme Court denied the petition for review in *Keller I*, Keller filed a new petition for writ of mandate in the superior court.  As in *Keller I*, the new petition reiterated Keller's contentions the City had erred in its zoning determinations for Keller's competitors.  For ease of reference, we refer to the new petition as *Keller II*.  The City demurred to the petition on grounds the claims were barred by res judicata, and the trial court sustained the demurrer without leave to amend.

On appeal, Keller contends (1) his new petition states viable causes of action the trial court should not have dismissed, (2) res judicata does not apply because the two action differ in that *Keller I* was a petition for writ of administrative mandamus and *Keller II* is a petition for a writ of ordinary mandamus, (3) *Keller I* was not decided on the merits and therefore has no preclusive effect on *Keller II*, (4) the public interest exception bars the application of res judicata, (5) his first three causes of action were not barred by the 90-day statute of limitations imposed by Government Code section 65009, (6) there is an actual controversy warranting declaratory relief, and (7) the trial court erred in denying an injunction prohibiting the City from paying privately retained legal counsel to defend against Keller's action.

We conclude res judicata bars Keller's present action that focuses on the same zoning determinations as in *Keller I*.  Accordingly, we affirm the judgment of dismissal.

BACKGROUND

***Keller I***

In setting forth the background of *Keller I*, we draw upon our prior unpublished decision.  (*Planning & Conservation League v. Castaic Lake Water Agency* (2009) 180

2

Cal.App.4th 210, 225 (*Planning & Conservation League*).) In *Keller I*, this court recounted that "Keller alleged he received notice in 2008 that the City's police department was instituting a lottery system to select which tow companies would be allowed to participate in the City's tow rotation program. In response, Keller asked the City to investigate whether several of his competitors were operating in violation of applicable zoning laws. Keller also urged the City's planning department to eliminate the lottery program and 'just implement the laws already set forth in the Zoning Ordinance and [the City's tow service agreement].' The planning department responded that all towing companies participating in the lottery either had a conditional use permit or were legal nonconforming within their zones. Keller challenged the planning department's determination of compliance by his competitors before the city council. Ultimately, the city council determined all of the challenged towing companies were operating in compliance with the zoning laws.

"Keller filed his writ petition in superior court. The petition alleged Keller has standing on grounds 'he has suffered financial harm in the uneven playing field of competition that he has been forced to play in and will continue to suffer as a result of' the City's determinations that competitor towing companies were in compliance with the City's zoning codes. Keller asserted he had a 'beneficial interest' sufficient to give him standing to file the petition based on his status as 'a vested property owner in the City.' Specifically, he challenged the City's determination of zoning compliant use by Sierra Hart Towing, Ace in the Hole Towing, Anderson Tow Service, Jake's Tow Service, and LJ's Auto Towing and Repair.

"The City opposed the petition and argued, inter alia, that Keller lacked standing to pursue his claims.

"The trial court concluded Keller lacked standing to pursue his claims. Additionally, the court found substantial evidence supported the City's determination that

3

all challenged towing businesses were operating impound yards in compliance with the City's zoning laws." (*Keller I, supra*, C072379.) Keller appealed.

We affirmed on grounds Keller lacked standing, the public interest exception did not apply, and he had forfeited a claim that "the City has engaged in illegal expenditures or waste of public resources." (*Keller I, supra*, C072379.) Keller filed a petition for review that the California Supreme Court denied on July 16, 2014.

### *Keller II*

Two months after the California Supreme Court denied review, Keller filed a new petition for ordinary mandamus in *Keller II*. The petition in *Keller II* challenged the City's "decision to determine five tow companies and three property owners, to be [in] legal nonconforming" use of their property under the City's zoning laws. The petition focuses on the same determinations made by the City that were the subject of the challenge in *Keller I, supra*, C072379, i.e., finding legal nonconforming property use by Sierra Hart Towing, Ace in the Hole Towing, Anderson Tow Service, Jake's Tow Service, and LJ's Auto Towing and Repair. With this focus, Keller alleged (1) violations of the City's zoning ordinance, (2) violations of the California Constitution and statutes, (3) violations of ministerial duties, (4) entitlement to declaratory relief regarding the application of the zoning laws, and (5) injunctive relief to restrain the City from paying for privately retained legal counsel.

The City filed a demurrer that the trial court sustained without leave to amend. The trial court found res judicata barred Keller's new action, the statute of limitations imposed by Government Code section 65009 barred his first three causes of action, he had not pled facts warranting declaratory relief, and his claim the City could not retain counsel to defend itself "borders on the absurd." From the judgment of dismissal, Keller timely filed a notice of appeal.

4

DISCUSSION

Keller argues his present action is not precluded by his prior litigation.  We disagree.

**A.**

*Standard of Review*

In light of the City's contention that the entirety of Keller's present action is barred by principles of res judicata, "our review follows established principles.  'If all of the facts necessary to show that an action is barred by res judicata are within the complaint or subject to judicial notice, a trial court may properly sustain a general demurrer.  [Citation.]  In ruling on a demurrer based on res judicata, a court may take judicial notice of the official acts or records of any court in this state.  [Citations].' (*Frommhagen v. Board of Supervisors* (1987) 197 Cal.App.3d 1292, 1299.)" (*Planning and Conservation League*, *supra,* 180 Cal.App.4th at p. 225.)  "In addressing the demurrers, the trial court was obliged to determine whether the petition[] stated a cause of action, accepting as true all material facts properly pleaded in the petition[], and disregarding conclusions of law and allegations contrary to judicially noticed facts.  (*Burt v. County of Orange* (2004) 120 Cal.App.4th 273, 277.)  We examine the trial court's determinations on this matter de novo, applying the same principles.  (See *id*. at p. 279.)" (*Planning and Conservation League, supra*, at pp. 225-226.)

**B.**

*Claim Preclusion*

As the California Supreme Court has explained, " 'Res judicata' describes the preclusive effect of a final judgment on the merits.  Res judicata, or claim preclusion, prevents relitigation of the same cause of action in a second suit between the same parties or parties in privity with them.  Collateral estoppel, or issue preclusion, 'precludes relitigation of issues argued and decided in prior proceedings.' (*Lucido v. Superior Court*

5

(1990) 51 Cal.3d 335, 341.) Under the doctrine of res judicata, if a plaintiff prevails in an action, the cause is merged into the judgment and may not be asserted in a subsequent lawsuit; a judgment for the defendant serves as a bar to further litigation of the same cause of action." (*Mycogen Corp. v. Monsanto Co*. (2002) 28 Cal.4th 888, 896-897 (*Mycogen Corp.*), fn. omitted.)

To determine whether a claim is precluded, California courts follow the primary right theory. (*Mycogen Corp., supra*, 28 Cal.4th at p. 904.) " 'The primary right theory . . . provides that a "cause of action" is comprised of a "primary right" of the plaintiff, a corresponding "primary duty" of the defendant, and a wrongful act by the defendant constituting a breach of that duty. [Citation.] The most salient characteristic of a primary right is that it is indivisible: the violation of a single primary right gives rise to but a single cause of action. [Citation.] . . . [¶] 'As far as its content is concerned, the primary right is simply the plaintiff's right to be free from the particular injury suffered. [Citation.] It must therefore be distinguished from the *legal theory* on which liability for that injury is premised: "Even where there are multiple legal theories upon which recovery might be predicated, one injury gives rise to only one claim for relief." [Citation.] The primary right must also be distinguished from the *remedy* sought: "The violation of one primary right constitutes a single cause of action, though it may entitle the injured party to many forms of relief, and the relief is not to be confounded with the cause of action, one not being determinative of the other." [Citation.] [¶] 'The primary right theory . . . is invoked . . . when a plaintiff attempts to divide a primary right and enforce it in two suits. The theory prevents this result by either of two means: (1) if the first suit is still pending when the second is filed, the defendant in the second suit may plead that fact in abatement [citations]; or (2) if the first suit has terminated in a judgment on the merits adverse to the plaintiff, the defendant in the second suit may set up that

6

judgment as a bar under the principles of res judicata.' " (*Mycogen Corp.*, at p. 904, quoting *Crowley v. Katleman* (1994) 8 Cal.4th 666, 681–682.)

**B.**

***The Present Action is Barred by Keller I***

The primary right Keller seeks to vindicate in this action -- to have his towing company competitors declared to be in violation of the City's zoning laws -- is the same as in *Keller I.* Both *Keller I* and *Keller II* focus on the same zoning determinations made by the City as to Sierra Hart Towing, Ace in the Hole Towing, Anderson Tow Service, Jake's Tow Service, and LJ's Auto Towing and Repair. In addition, the parties in *Keller I* and *Keller II* are the same. And Keller sought the same relief in both actions: to set aside the City's determination Keller's business competitors were operating lawfully under the zoning code. Consequently, claim preclusion applies to bar Keller's present action. (*Mycogen Corp., supra*, 28 Cal.4th at pp. 896-897.)

Keller argues the claims are not the same because *Keller I* involved a petition for administrative mandamus (Code Civ. Proc., § 1094.5) and *Keller II* is based on a petition for ordinary mandamus (Code Civ. Proc., § 1085). We reject the argument because the procedural vehicle does not determine whether reasserted claims are barred by res judicata. Instead, as the California Supreme Court has explained, the test for the applicability of res judicata focuses on the primary right asserted. (*Mycogen Corp., supra*, 28 Cal.4th at p. 904.) The primary right asserted in *Keller I* was the right to have the City's zoning laws enforced against Sierra Hart Towing, Ace in the Hole Towing, Anderson Tow Service, Jake's Tow Service, and LJ's Auto Towing and Repair. (*Keller I, supra*, C072379.) *Keller II* focuses on the same primary right by repeating claims the City erred in determining legal nonconforming property use by the same business competitors. That Keller's current action proceeds by ordinary mandamus rather than by

7

administrative mandamus does not change the fact both *Keller I* and *Keller II* involve the same primary right.

Keller contends claim preclusion does not apply because the issues raised in *Keller I* were not decided on the merits. In Keller's view, our prior decision he lacked standing to assert zoning violations regarding his business competitors left all of his claims unresolved so he could reassert them in *Keller II*. We reject the contention. As this court has previously held, "Claim preclusion bars a second action upon the same claim against the same parties litigated to a final judgment in a prior action." (*Burdette v. Carrier Corp.* (2008) 158 Cal.App.4th 1668, 1674.) In *Keller I*, Keller actually litigated his claims regarding the City's erroneous zoning determinations to a judgment. (*Keller I, supra*, C072379.) The trial court in *Keller I* found Keller lacked standing and the City's zoning determinations were supported by substantial evidence. We affirmed on grounds Keller lacked standing. (*Keller I, supra*, C072379.)

Having actually litigated his zoning claims in *Keller I*, Keller is precluded from reasserting them in the present action. A different conclusion would mean Keller could escape the holding in *Keller I* that he lacked standing to raise his zoning claims merely by filing a second action that reasserted the same claims. Such a result is untenable both as violating the requirement that a litigant have standing as to the claims asserted and that a litigant cannot reassert the same primary right as adjudicated in a prior action. (*Waste Management of Alameda County, Inc. v. County of Alameda* (2000) 79 Cal.App.4th 1223, 1232, disapproved on another point in *Save the Plastic Bag Coalition v. City of Manhattan Beach* (2011) 52 Cal.4th 155, 167-168, 170 & fn. 5; *Mycogen Corp., supra*, 28 Cal.4th at p. 904.)

Keller argues the public interest exception precludes the application of res judicata to *Keller II*. We note Keller invoked the public interest exception for the same claims in *Keller I*. (See *Keller I, supra*, C072379.) In both cases, he argues his claims are

8

justiciable because of the public's interest in having the City faithfully comply with its zoning laws. In *Keller I*, we rejected the claims as follows: "The City has engaged in administrative proceedings demonstrating an examination of whether the nonconforming use determinations for Keller's competitors were properly made. Thus, the agency charged with zoning code compliance has shown it is ready and willing to ensure the zoning laws are applied. The public need for Keller to pursue the present action is weak because it is redundant with the City's efforts. Moreover, the City has shown a willingness to fulfill its public duty to ensure zoning code compliance." (*Keller I, supra*, C072379.) Having raised the public interest exception as to the same claims and against the same party, res judicata bars Keller's reassertion of the same argument. (*Mycogen, supra,* 28 Cal.4th at pp. 896-897.)

Keller asserts he is entitled to declaratory relief in the present action because the City's zoning determinations constitute "a continuing daily violation of the City Zoning Ordinance." We are not persuaded because Keller's request for declaratory relief is based on the same primary right -- namely, the City's determination his business competitors are not violating zoning laws -- as in *Keller I*. The addition of a claim that the City's error constitutes an ongoing violation of zoning laws does not transform the primary right asserted in *Keller II* into one that is different from that previously asserted. Consequently, the request for declaratory relief in *Keller II* is barred by claim preclusion.

Finally, Keller argues he is entitled to an injunction prohibiting the City from illegal expenditures of taxpayer money on private legal counsel to defend this action. In his appeal of the trial court's decision in *Keller I*, he also asserted a claim that "the City has engaged in illegal expenditures or waste of public resources." (*Keller I, supra*, C072379.) The claim in *Keller I* was founded on the premise the City engaged in an illegal expenditure of public funds by making erroneous zoning determinations. The

9

claim of illegal expenditures of money asserted in the present action is different in that Keller's current claim is focused on the City's retention of private legal counsel to defend this action.

Keller could have presented his claim the City was engaging in an illegal expenditure of funds by hiring private counsel in *Keller I*. The same law firm that represents the City in this action also represented the City in *Keller I*. Having had the opportunity to raise the issue, the present argument is barred by res judicata. "Although the causes of action in a first lawsuit may differ from those in a second lawsuit, ' "... the prior determination of an issue in the first lawsuit becomes conclusive in the subsequent lawsuit between the same parties with respect to that issue *and also with respect to every matter which might have been urged to sustain or defeat its determination ....*" ' " (*Ojavan Investors, Inc. v. California Coastal Com.* (1997) 54 Cal.App.4th 373, 384, quoting *Frommhagen v. Bd. of Supervisors* (1987) 197 Cal.App.3d 1292, 1301, italics added.) Thus, Keller's claim of illegal expenditures of public money in the present action is barred by res judicata.

## C.

### *No Showing Keller Can Amend His Action to State Viable Claims*

The gravamen of Keller's present appeal is that he seeks reversal on "[a]n issue of law yet to be heard." As explained above, we have concluded Keller's present action is barred by res judicata. Keller offers no suggestion he can amend the present action in a manner that renders his claims cognizable. Accordingly, we determine Keller has not established any basis for remand to allow him to amend his petition.[1]

---

[1]     Our conclusion *Keller II* is barred by principles of res judicata obviates the need to consider Keller's additional contention that his present action is not barred by the statute of limitations imposed by Government Code section 65009. Consistent with this

10

DISPOSITION

The judgment is affirmed. The City of Roseville shall recover its costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1) & (2).)

_____/s/_____
HOCH, J.

We concur:

_____/s/_____
BLEASE, Acting P. J.

_____/s/_____
ROBIE, J.

---

conclusion, we deny Keller's request for judicial notice of various zoning ordinances because they are irrelevant to the disposition of this appeal.

We also do not address the City's assertion Keller has become a "serial litigant" by filing a third writ petition after the notice of appeal was filed in this action. The trial court is entitled to have the propriety of its ruling evaluated on the basis of the evidence, argument, and information known to the court at the time of its ruling. (*California Farm Bureau Federation v. State Water Resources Control Bd.* (2011) 51 Cal.4th 421, 442.) Consequently, we deny the City's request for judicial notice of Keller's third writ petition and the City's demurrer to that petition.

11