NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 10 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CHRISTOPHER POWELL,

      Plaintiff - Appellant,

  v.

COUNTY OF SAN BERNARDINO; SAN BERNARDINO COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES; SAN BERNARDINO COUNTY DEPARTMENT OF HUMAN SERVICES; ERIK VICUNA, individually, and in his official capacity; SHARON GONZALEZ, individually, and in her official capacity; SHELIA JACKSON, individually, and in her official capacity; VALERIE CROYLE, individually, and in her official capacity; RIVA NEAL AVILA, individually, and in her official capacity; ANNETTE SILVA, individually, and in her official capacity; DOES 1-10, inclusive,

      Defendants - Appellees.

No. 24-6462

D.C. No.
5:24-cv-01028-KK-DTB

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Kenly Kiya Kato, District Judge, Presiding

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Argued and Submitted November 20, 2025
Pasadena, California

Before: WARDLAW, N.R. SMITH, and MILLER, Circuit Judges.

Christopher Powell appeals the district court's dismissal of his 42 U.S.C. § 1983 procedural due process and *Monell* claims arising from his inclusion in California's Child Abuse Central Index ("CACI"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal of a § 1983 action for failure to state a claim, and we affirm. We assume the parties' familiarity with the facts.

1. The district court correctly concluded that Powell failed to state a § 1983 due process claim. To state such a claim, a plaintiff must allege "(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; [and] (3) lack of process." *Portman v. County of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993). Because inclusion in CACI implicates a liberty interest and Powell was included in that database, the first two elements are not in dispute. *See Humphries v. Cnty. of Los Angeles*, 554 F.3d 1170, 1184–92 (9th Cir. 2008), *as amended* (Jan. 30, 2009), *rev'd on other grounds*, 562 U.S. 29 (2010).

Powell argues that his CACI Listing Notice ("Notice") lacked "sufficient detail." Due process requires only notice "reasonably calculated, under all the circumstances, to apprise interested parties" of the action and to allow a response. *Jones v. Flowers*, 547 U.S. 220, 226 (2006) (citation omitted). Powell received that notice: the Notice identified the statutory basis for his CACI inclusion and

explained how Powell could object to his inclusion.

Next, Powell asserts that he was denied due process because he was unable to "adequately review" the evidence used to substantiate the abuse allegations. For CACI challengers, due process requires "a reasonable opportunity to be heard," but a "formal hearing, with full rights of confrontation and cross-examination, is not necessarily required." *Burt v. Orange County Soc. Servs. Agency*, 120 Cal. App. 4th 273, 285–86 (2004) (citations and quotation marks omitted). Because Powell was offered both a hearing and the opportunity to review the evidence beforehand, albeit not alone with his attorney, he was afforded constitutionally sufficient process.

Powell also argues that attending a CACI hearing would be futile because "removal from CACI does not affect the CWS/CMS and sub-databases." That is factually incorrect. A successful challenge to CACI inclusion results in the CWS/CMS listing being updated to "unfounded." *See Endy v. County of Los Angeles*, 975 F.3d 757, 762 (9th Cir. 2020). Until Powell utilizes the grievance-hearing procedure, any challenge to the effect of his CACI listing on related databases is premature.

Finally, Powell asserts that the investigation leading to his CACI placement inclusion was inadequate under California's Child Abuse and Neglect Reporting Act ("CANRA") because he was not interviewed. CANRA requires an agency to

conduct an "active investigation" before forwarding a substantiated report to the California Department of Justice for inclusion in CACI. Cal. Penal Code § 11169(a). Interviewing the suspect is one possible investigatory step, but not a mandatory one. *See* Cal. Dep't of Soc. Servs., All County Letter No. 23-66, Reconciliation of Child Abuse Central Index Reports at 2–3 (2023) (listing non-exhaustive investigatory "[e]xamples"). Even assuming inadequacies in the investigation, the appropriate forum in which to raise those concerns is the CACI grievance hearing. *See Endy*, 975 F.3d at 762. Until Powell avails himself of that remedy, his due process challenge is not ripe. *See generally Diamond S.J. Enter., Inc. v. City of San Jose*, 100 F.4th 1059, 1070 (9th Cir. 2024) (holding that available notice, hearing opportunities, and post-deprivation appeals "greatly reduced the risk of erroneous decision-making").[1]

2. The district court also properly dismissed Powell's *Monell* claim. Because Powell failed to allege an underlying constitutional violation, his *Monell* claim necessarily fails. *See Lockett v. Cnty. of Los Angeles*, 977 F.3d 737, 741 (9th Cir. 2020) (*Monell* liability is "contingent on a violation of constitutional rights" (quotation marks and citation omitted)).

---

[1] The same is true of Powell's challenge to the merits of the abuse determination. At the CACI grievance hearing, Powell may bring that challenge. *See Prasad v. Santa Clara Dep't of Soc. Servs.*, No. 14-CV-00179-BLF, 2015 WL 471698, at *5 (N.D. Cal. Feb. 4, 2015). Accordingly, his due process claim is premature.

3.  The district court did not abuse its discretion in denying leave to amend. The court found amendment futile because Powell's due process claims will not ripen until he avails himself of the CACI grievance procedure. *See Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (leave to amend is properly denied where "the pleading could not possibly be cured by the allegation of other facts"). We agree. As we explained in *Endy*, a challenge to CACI-related databases is premature until the challenger utilizes the statutory hearing process. 975 F.3d at 762. The district court therefore acted within its discretion.

**AFFIRMED.**